**SO ORDERED.**

**SIGNED September 20, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

IN RE:

LOUIS R. COLLET
JANEL G. COLLET                          CASE NO. 05-53426

    Debtors                              CHAPTER 7
-----------------------------------------------------------------
                      REASONS FOR DECISION
-----------------------------------------------------------------
```

Louis and Janel Collet ("Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 14, 2005. Elizabeth G. Andrus ("Trustee") is the duly appointed and qualified chapter 7 trustee. Presently before the court is the Objection to Objection to Debtor's Claim of Exemptions filed by the Trustee. A hearing on the matter was held on March 21, 2006. After receiving evidence, the matter was taken under advisement.

### JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule

83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

**LAW AND ANALYSIS**

The Debtors have claimed an exemption to the entirety of their home valued at $79,000.00. The Trustee has objected on the basis that the Debtors can only claim an exemption to $25,000.00 for the homestead exemption.

Louisiana is an "opt out" state as its legislature, pursuant to the authority of section 522(b), determined that persons filing for bankruptcy in Louisiana should be entitled to claim only those exemptions permitted by state and non-bankruptcy federal law. LSA-R.S. 13:3881(B). Further, the United States Supreme Court has held that in cases involving exemptions in opt out states, the law of the state determines the scope of the exemption. Owen v. Owen, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835 (1991) ("Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all.")

Article XII, Section 9, of the Louisiana Constitution provides for the legislature to enact laws relating to the homestead exemption:

> The legislature shall provide by law for exemptions from seizure and sale, as well as waivers of and exclusions from such exemptions. The exemption shall extend to at least fifteen thousand dollars in value of a homestead, as provided by law.

In response to this directive, the Louisiana legislature did in fact provide for homestead exemptions. The current iteration of the homestead exemption is contained in LSA-R.S. 20:1, which provides in relevant part:

> A. (1) The bona fide homestead consists of a residence occupied by the owner and the land on which the residence is located, including any building and appurtenances located thereon, and any contiguous tracts up to a total of five acres if the residence is within a municipality, or up to a total of two hundred acres of land if the residence is not located in a municipality.
>
> (2) The homestead is exempt from seizure and sale under any writ, mandate, or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to twenty-five thousand dollars in value of the homestead, except in the case of obligations arising directly as a result of a catastrophic or terminal illness or injury, in which case the exemption shall apply to the full value of the homestead based upon its value one year before such seizure.
>
> (3) For the purposes of this Section, "catastrophic or terminal illness or injury" shall mean an illness or injury which creates uninsured obligations to health care providers of more than ten thousand dollars and which are greater than fifty percent of the annual adjusted gross income of the debtor, as established by an average of federal income tax returns for the three preceding years.

The Debtors list unsecured debts totaling $61,504.00, which includes five (5) debts listed as "credit card debt due to medical bills." The Debtors assert that all of their debts arise out of obligations directly as a result of the open-heart surgery of Mr. Collet.

According to the testimony of the Debtors, after Mr. Collet's surgery, he was unable to return to work. While they had health insurance, not all of the medical bills were covered by the insurance. Mrs. Collet testified that they borrowed money from their credit cards in the form of cash advances and deposited the funds in their checking account. The checking account was then used to pay medical expenses as well as other living expenses.

The language of the state exemption statute is clear in that the obligations to which the extended homestead exemption must arise directly from the illness. While there is no doubt that medical expenses would qualify, the Debtors cannot establish exactly how the funds were used and in fact have acknowledged that some of the funds were for ordinary living expenses. For that reason, paragraph 2 of LSA-R.S. 20:1 does not apply and the Debtors' homestead exemption is limited to $25,000.

**IT IS SO ORDERED.**

###